Rogers, Kim Edward

2072 50th Avenue

Sacramento, CA  95822

Plaintiff, Pro Se

**FILED**

MAY 27 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

2:22-CV-0914-TLN-AC (PS)

Rogers, Kim Edward

          Plaintiff,

            v.

KATHERINE LESTER,
 SACRAMENTO POLICE CHIEF;
K. SIMMONS, #693,
P. FONG, #3015,
Et Al.

          Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**COMPLAINT FOR VIOLATION
OF CIVIL RIGHTS UNDER
42 U.S.C. § 1983
DECLARATORY RELIEF,
INJUNCTIVE RELIEF, AND
MONETARY DAMAGES**

1

COMPLETE LIST OF DEFENDANTS

2

3  KATHERINE LESTER, SACARAMENTO POLICE CHIEF
4  5770 FREEPORT BOULEVARD
   SACRAMENTO, SACRAMENTO
5  CALIFORNIA  95822
6  Official Capacity

7  K. SIMMONS, #693, SACRAMENTO POLICE OFFICER
8  5303 FRANKLIN BOULEVARD
   SACRAMENTO, SACRAMENTO
9  CALIFORNIA  95820
10 Individual and Official Capacity

11 P. FONG, #3015, SACRAMENTO POLICE OFFICER
12 5303 FRANKLIN BOULEVARD
   SACRAMENTO, SACRAMENTO
13 CALIFORNIA  95820
14 Individual and Official Capacity

15 JOHN DOE #1 - #10, SACRAMENTO POLICE OFFICER
16 5303 FRANKLIN BOULEVARD
   SACRAMENTO, SACRAMENTO
17 CALIFORNIA  95820
18 Individual and Official Capacity

19

20

21

22

23

24

25

26

27

28

2

I. INTRODUCTION

1.   This is a lawsuit seeking declaratory, injunctive and monetary relief against the Sacramento Police Department, South Area Command Joseph E. Rooney Division (SPD) for engaging in and condoning a continuing pattern and practice of race-based stops, detentions and searches of African-American motorists traveling on the public streets of Sacramento and of the State of California.   The specific abuses giving rise to this action occurred on or in Sacramento Police Department (SPD) South Area Command Joseph E. Rooney Division.   The specific abuses giving rise to this action occurred on or in the area of Franklin Boulevard, Florin Road, and Martin Luther King Boulevard, in Sacramento, including, but not limited to, the area where Highway 99 intersects with Interstate 5 and residential streets in South Sacramento.

2.   Plaintiff in this case, Kim Edward Rogers ("Mr. Rogers"), represent African-Americans who have been or will be subjected to the humiliation of being targeted, interrogated, detained and searched by defendants in (SPD)'s South Sacramento Division due to the defendants' policy and practice of what is commonly known as "racial profiling."   The moment Plaintiff was stopped by the defendants he became the victim of what

is "an all too familiar set of circumstances – an intrusive law enforcement stop and seizure of innocent persons on the basis of suspicions rooted principally in the race of the 'suspects.'

3.    To any person of color, regardless of ethnic background, level of education, or economic station in life, the insidious problem of racial profiling by law enforcement officers is all too familiar.  It is a continuing reminder that, despite popular notions of progress in race relations, racial discrimination remains a day-to-day reality in our society.

4.    By the Complaint in this action, Plaintiff seeks judicial redress for violations of his civil rights due to racial profiling.  But he also seeks to confirm what everyone has a right to expect in the United States: that people of color may use the public streets and highways, just like anybody else, without having to suffer the indignities of racial discrimination at the hands of government officials.

5.    Plaintiffs' claims are brought pursuant to the Fourth and Fourteenth Amendments to the United States Constitution; Equal Protection Clause of the U.S. Constitution; Omnibus Crime Control and Safe Streets Act of 1968; Title VI of the Civil Rights Act of 1964 and its implementing regulations, 42 U.S.C. §§ 1981, 1982, 1983 and 1986; Article 1, §§ 7(a) and 13 of the

California Constitution; California Civil Code § 52.1; California Government Code §§ 11135 and 11139.

## II. JURISDICTION

6.    This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 (3) and 2201. The Court has pendent jurisdiction and supplemental jurisdiction over the state law claims alleged in this Complaint pursuant to 28 U.S.C. § 1367. Declaratory relief is authorized under 28 U.S.C. §§ 2201 and 2202.

7.    A substantial part of the events giving rise to the claims alleged in this Complaint arose in the County of Sacramento, California. Venue therefore lies in the United States District Court for the Eastern District of California Division, pursuant to 28 U.S.C. § 84(a), 28 U.S.C. § 1391(b)(2) and Civil Local Rule 3-2(d).

## III. PARTIES

8.    Plaintiff, Kim Edward Rogers, is and at all relevant times herein mentioned is a citizen of the United States and State of California and a resident of the County of Sacramento.  Mr. Rogers is of African-American descent and, by physical appearance, is a person of color and participates as Plaintiff for the purpose of securing monetary, declaratory and injunctive relief.

9.   Defendant Sacramento Police Department, headquartered in Sacramento, California is a division of the City of Sacramento in charge of patrolling public streets.   Upon information and belief, the (SPD) receives federal funds through federal grants from the United States Department of Justice or another federal agency.   As such, the (SPD) is legally required to conduct its activities in a racially non-discriminatory manner.

10. Upon information and belief Katherine Lester sued here in her official capacity, is a resident of California.   All Actions taken by defendant Chief of Police Katherine Lester while working as Supervisor of the (SPD) were taken under color of state law.   Upon information and belief, defendant failed adequately to train (SPD) personnel and to promulgate appropriate policies to prevent race-based vehicular stops, and has established, implemented and enforced illegal and unconstitutional policies and practices that have caused Plaintiffs' injuries.

11. Upon information and belief, defendant Katherine Lester is a resident of California.   Upon information and belief, defendant directly or indirectly participated in the authorization, planning and supervision of the actions of the individual (SPD) officers involved in this case.

6

12. Upon information and belief, Sacramento Police Officer, K. Simmons, #693, sued here in both his individual and official capacities, is a resident of California who is employed by the (SPD). Officer Simmons was involved in the stop of Plaintiff. All actions taken by Officer Simmons while working as an officer of the (SPD) were taken under color of local city and state laws.

13. Upon information and belief, Sacramento Police Officer, P. Fong, #3015, sued here in both his individual and official capacities, is a resident of California who is employed by the (SPD). Officer Simmons was involved in the stop of Plaintiff. All actions taken by Officer Simmons while working as an officer of the (SPD) were taken under color of local city and state laws.

14. Upon information and belief, Sacramento Police Officers, John Doe #1 - 10, sued here in both their individual and official capacities, are residents of California employed by the (SPD). All actions taken by John Doe while working as an officer of the (SPD) were taken under color of local city and state laws.

15. Upon information and belief, at all relevant times each defendant was the agent and/or employee of each of the remaining defendants, and in doing the things herein alleged was acting within the course and scope

of his or her employment and under color of law.   Each
of the defendants caused, and is responsible for, the
unlawful conduct described herein.   Each defendant is
responsible for Plaintiffs' injuries by personally
participating in the unlawful conduct; acting jointly
and in concert with others who did so; authorizing,
acquiescing or failing to take action to prevent the
unlawful conduct; promulgating policies and procedures
pursuant to which the unlawful conduct occurred;
failing and refusing, with deliberate indifference, to
implement and maintain adequate training and
supervision; and/or by ratifying the unlawful conduct.

16.  All of the defendants, and each of them, are sued
both in their individual and official capacities.

IV. FACTS GIVING RISE TO THIS ACTION

17.  The (SPD) have long relied upon race and ethnicity
in conducting stops, detentions, interrogations and
searches of motorists.   They have engaged in an
unabated, continuing pattern and practice of
discrimination.

18.  In recent years, the law enforcement practice of
targeting motorists on the basis of race or ethnicity
has increased dramatically nationwide, largely due to
federally funded programs operated by state and local
law enforcement agencies.   Police officers constantly

pull over cars driven by African-Americans, for certain
traffic violations, but rarely pull over white drivers
for the same violations.

19. As a matter of policy, officers are encouraged to
use vehicle code violations such as weaving, improper
lane changes, burned out license plate lights, tinted
windows, following too closely or seat belt violations,
as excuses to stop African-American drivers and attempt
to search their cars for drugs or other illegal
activity.  Once the officers have an excuse for the
stop, they are trained to begin questioning and
searching the occupants of the vehicle.

20. (SPD) policy permits officers to detain a motorist
during any traffic stop for the purpose of conducting a
search.  Pursuant to this policy, (SPD) officers
routinely detain motorists for the purpose of searching
their vehicles, even though the officers have no
probable cause, or even reasonable suspicion, that the
motorists are carrying illegal drugs or engaged in any
criminal activity.  These searches involve significant
intrusion, humiliation, embarrassment and great
inconvenience for thousands of innocent motorists, but
the practice is condoned and encouraged by all
Defendants and (SPD) supervisors and management.

21. (SPD) officers use the aforementioned set of
techniques in one flowing sequence that is designed to

end in a search.    Officers select and deploy the
techniques as they deem appropriate in order to
maximize the chances for a search.

22.  The practice of stopping and searching innocent
motorists would be alarming no matter who was subjected
to this kind of treatment by government officials.    The
reality, however, is that motorists of color,
particularly African-American motorists, are targeted
and subjected to these practices at grossly
disproportionate rates.    (SPD) officers, consistent
with their training, are determining who to stop,
detain, interrogate and/or search in a racially
discriminatory manner.

23. Plaintiff alleges that all Defendants and (SPD)
supervisors have been aware (SPD) officers are engaging
in racial profiling, yet have failed and refused to
stop it, thereby showing deliberate indifference to the
rights of African-American motorists.    The supervisory
defendants have failed to take effective action to
prevent continuation of the egregious pattern of
discrimination against African-American motorists,
despite their rhetoric to the contrary.    Due to the
supervisory defendants' inaction, Plaintiff, has
suffered and continue to suffer systematic violations
of his civil rights.

The clear discriminatory effect of these practices, and

the discriminatory purpose hidden behind the defendants' practice and policy of willful ignorance, is immoral and illegal. These practices must be stopped.

24. Traffic Stop January 6, 2022

On January 6, 2022, Kim Edward Rogers was pulled over by South Sacramento (SPD) on Franklin Road and Martin Luther King Boulevard. Kim Edward Rogers was racially profiled by (SPD) Officer K. Simmons, observing traffic during the day when the racial identity of a driver is more easily identified. Officer Simmons pulled Mr. Rogers over after harassing and tailgating vehicle driven by Plaintiff. This incident ended with Mr. Rogers being deprived of his civil rights due to racial profiling. A copy of the administrative complaint filed by Plaintiff to Sacramento Police Department Internal Affairs Division is attached.

25. Plaintiff has been very upset since his unjustified stop. It is difficult for him to accept that he was stopped, subjected to unwarranted search and examination.

26. Mr. Rogers still lives in South Sacramento, California. He must continue driving on and around Highway 99 and Interstate 5 and residential streets, within (SPD)'s South Area Joseph E. Rooney Division, on

a daily basis, yet his normal expectation to be free
from unwarranted stops has been compromised by his real
and legitimate fear that he will be stopped and
searched without cause in the future.  Based on his
experience and the policy and practice of the (SPD) as
described above, Plaintiff has a reasonable and
justified fear that he will again be subject to race
based traffic stops and searches at the hands of the
(SPD) when driving on Sacramento public streets in the
future.

## V. REQUISITES FOR RELIEF

27. As a direct and proximate result of the conduct of
defendants described above, Plaintiff has been denied
his constitutional and statutory rights as stated below
and has suffered and continue to suffer mental and
emotional distress, humiliation, embarrassment,
discomfort, anxiety and pain.

28. Defendants' acts were willful, wanton, malicious,
oppressive and done with conscious disregard and
deliberate indifference for Plaintiffs' rights.
Therefore, defendants' actions justify an award to
Plaintiff of punitive damages in an amount to be
determined.

29. Defendants' policies, practices, conduct and acts
alleged herein have resulted and will continue to

result in irreparable injury to Plaintiff, including
but not limited to further violations of his statutory
and constitutional rights.  Plaintiff has no plain,
adequate or complete remedy at law to address the
wrongs described herein.  Plaintiff therefore seeks
injunctive relief restraining defendants from
continuing to engage in and enforce the
unconstitutional and illegal policies, practices,
conduct and acts described herein.

30. Defendants acted with discriminatory intent in
violation of Plaintiffs' legal and constitutional
rights, and have directly and proximately caused
plaintiffs' humiliation, mental pain and suffering. As
a direct, legal and proximate result of defendants'
violations of Plaintiffs' statutory, constitutional and
common law rights, plaintiff has been damaged in an
amount which is not yet known.  Plaintiff will seek
leave of Court to amend this Complaint when
ascertained, or will amend to conform to proof at time
of trial.

31. At all times herein mentioned, defendants had an
obligation to comply with federal and state laws
regarding racial discrimination.  Defendants failed to
meet these obligations with respect to Plaintiff.

13

## VI. FIRST CAUSE OF ACTION

Race Discrimination in Federally Funded Programs

Violation of Title VI of the Civil Rights Act of 1964 and 28 C.F.R. §§ 42.101 et seq.

42 U.S.C. § 1983

32. Plaintiff incorporates by reference and reallege paragraphs 1-31 of this Complaint.

33. Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, provides:

[N]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected discrimination under any program or activity receiving federal financial assistance.

34. Federal regulations implementing Title VI prohibit federally funded programs or activities from having a racially discriminatory impact or effect. The regulations provide that no program receiving financial assistance through the United States Department of Justice Shall: Utilize criteria or methods of administration which have the effect of subjecting individuals to discrimination because of their race, color, or national origin, or have the effect of

defeating or substantially impairing accomplishment of the objectives of the program as respects individuals of a particular race, color, or national origin.

35. Defendant (SPD) receives federal financial assistance from the United States Department of Justice, and thus is bound to abide by the terms of Title VI and its implementing regulations, including 28 C.F.R. §§ 42.101 et seq.

36. The methods employed by the (SPD) have a discriminatory impact on motorists of color traveling through California, including plaintiffs, as described herein, and thereby violate 28 C.F.R. §§ 42.101 et seq. and Title VI.  This violation is actionable under 42 U.S.C. § 1983.  Through their acts and omissions as alleged in this Complaint, defendants have caused the violations of Plaintiffs' rights secured by Title VI and its implementing regulations.

37. Defendant violation of Title VI and its implementing regulations has caused and will continue to cause Plaintiff to suffer tremendous harm and public humiliation in that he has been and will continue to be subjected to (SPD)'s practice of race-based discrimination in the absence of judicial intervention.

## VII. SECOND CAUSE OF ACTION

Intentional Race Discrimination in Federally Funded Programs

Violation of Title VI of the 1964 Civil Rights Act

38. Plaintiff incorporates by reference and reallege paragraphs 1-37 of this Complaint.

39. The (SPD) intentionally discriminates against African-American motorists traveling though California, including plaintiffs, as described herein, in violation of § 601 of Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d et seq.

40. Defendant (SPD)'s violation of Title VI has caused and will continue to cause Plaintiff to suffer tremendous harm and public humiliation in that he has been and will continue to be subjected to (SPD)'s practice of race-based discrimination in the absence of judicial intervention.

## VIII. THIRD CAUSE OF ACTION

Violation of the Fourteenth Amendment and 42 U.S.C. § 1983

41. Plaintiff incorporates by reference and reallege paragraphs 1-40 of this Complaint.

42. Defendants, acting under color of law and in concert with one another, have engaged in a continuing pattern and practice of intentional race discrimination in efforts carried out in the area of (SPD)'s South Sacramento Division.  In so doing, defendants have caused Plaintiff, to suffer deprivation of his fundamental rights to liberty and to be free from unlawful searches, detentions and seizures on account of their race and/or national origin.  These actions violated Plaintiffs' rights to equal protection of the laws, in violation of the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

43. Defendants acting under color of law, institute, authorize, tolerate, ratify, permit and acquiesce in policies, practices and customs of detention, searches and seizures which involve intentional race discrimination in the provision of law enforcement services.

44. The defendants' acts were done in knowing violation of plaintiffs' legal and constitutional rights, and have directly and proximately caused plaintiffs' humiliation, mental pain and suffering.

IX. FOURTH CAUSE OF ACTION

Violation of the Fourth and Fourteenth to the United States Constitution 42 U.S.C. § 1983.

45. Plaintiff incorporates by reference and reallege paragraphs 1-44 of this Complaint.

46. Defendants, acting under color of law and in concert with one another, have violated Plaintiffs' rights to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments to the United States Constitution.  Defendants subjected Plaintiff, to a lengthy detention, interrogation and search, in violation of the Fourth Amendment guarantee against unreasonable searches and seizures, and giving rise to Plaintiffs' claims pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983.

47. Defendants, acting under color of law, institute, authorize, tolerate, ratify permit and acquiesce in policies, practices and customs of detentions, interrogations, searches and seizures without probable cause or reasonable, articulable suspicion of crime, in their provision of law enforcement services.

48. Defendants' acts were done in knowing violation of Plaintiffs' legal and constitutional rights, without good faith, and have directly and proximately caused plaintiffs' humiliation, mental pain and suffering.

## X. FIFTH CAUSE OF ACTION

Violation of the Commerce Clause, Article IV and
Fourteenth Amendment to the United States Constitution
42 U.S.C. § 1983

49. Plaintiff incorporates by reference and reallege
paragraphs 1-48 of this Complaint.

50. Defendants, acting under color of law and in
concert with one another, have caused Plaintiff to be
penalized and deterred in the exercise of his
fundamental right to interstate travel and migration on
account of his race and/or ethnicity and/or national
origin.  These actions violated Plaintiffs' right to
travel, in violation of the Commerce Clause and the
Privileges and Immunities Clauses of Article IV and the
Fourteenth Amendment.

51. Defendants, acting under color of law, institute,
authorize, ratify, permit and acquiesce in policies,
practices and customs of detention, searches and
seizures which violate Plaintiffs' fundamental right to
interstate travel.

52. Defendants' acts were done in known violation of
Plaintiffs' legal and constitutional rights, without
good faith, and have directly and proximately caused
Plaintiffs' humiliation, mental pain and suffering.

## XI. SIXTH CAUSE OF ACTION

Violation of Title VI of the Civil Rights Acts of 1964, 42 U.S.C. §§ 2000d – 2000d (7) and the nondiscrimination section of the Omnibus Crime Control and Safe Street Acts of 1968, 28 U.S.C. § 3789d(c), prohibit recipients of Department of Justice funds from intimidating or retaliating against anyone because he or she has either taken action or participated in an action to secure rights protected by these laws.

53. Plaintiff incorporates by reference and reallege paragraphs 1-52 of this Complaint.

## XII. SEVENTH CAUSE OF ACTION

Violation of 42 U.S.C. § 1981

54. Plaintiff incorporates by reference and reallege paragraphs 1-53 of this Complaint.

55. Defendants, acting under color of law and in concert with one another, have denied Plaintiff his rights to full and equal benefit of the laws and their right to be subject to like punishment under 42 U.S.C. § 1981.

56. Defendants' acts were the result of discriminatory intent, and were done in known violation of Plaintiffs' legal and constitutional rights, without good faith,

and have directly and proximately caused Plaintiffs'
humiliation, mental pain and suffering.

XIII. EIGHTH CAUSE OF ACTION

Conspiracy to Violate Civil Rights (42 U.S.C. § 1986)

57. Plaintiff incorporates by reference and reallege
paragraphs 1-56 of this Complaint.

58. Defendants, acting under color of law and in
concert with one another, and by way of a conspiracy
among them, have caused Plaintiff, to be denied equal
protection of the laws and to be deprived of equal
privileges and immunities under the laws, on account of
Plaintiffs' race and/or national origin, by subjecting
him to legally unjustified and racially discriminatory
detention and search.  The supervisory defendants had
knowledge of the conspiracy to violate Plaintiffs'
civil rights and of the violations committed, and had
power to prevent these wrongs, but neglected or refused
to do so in violation of 42 U.S.C. § 1986.

59. Defendants' acts were done in knowing violation of
Plaintiffs' legal and constitutional rights, and have
directly and proximately caused Plaintiffs'
humiliation, mental pain and suffering.

## XIV. NINTH CAUSE OF ACTION

Violation of Government Code §§ 11135 and 11139

60. Plaintiff incorporates by reference and reallege paragraphs 1-59 of this Complaint.

61. Government Code § 11135(a) prohibits race discrimination in any program or activity that is funded directly by the state or receives any financial assistance from the state.

62. State regulations implementing § 11135 provide that no program receiving financial assistance from the State of California shall have an unjustified discriminatory impact or effect on the basis of race.

63. Defendants (SPD) receive financial assistance from the State of California, and thus is bound to abide by the terms of Government Code §11135 and its implementing regulations.

64. Eleventh Amendment immunity of the State of California, Sacramento city officials and other government officials is waived in enactment of amendments to Government Code § 11139 in the California Civil Rights Amendments of 1999.

65. The methods employed by the (SPD) discriminate against African-American motorists traveling through

Sacramento, California, including Plaintiffs, as described herein.

66. Defendants (SPD)'s violation of Government Code §11135 and its implementing regulations have caused and will continue to cause Plaintiff to suffer tremendous harm and public humiliation in that he has been and will continue to be subjected to (SPD)'s practice of race-based discrimination without judicial intervention.

## XV. TENTH CAUSE OF ACTION

Violation of Article 1, § 7 (a) of the California Constitution

67. Plaintiff incorporates by reference and reallege paragraphs 1-66 of this Complaint.

68. Defendants' above-described conduct violated Plaintiffs' rights not to be deprived of due process and equal protection of the laws under Article 1, § 7(a) of the California Constitution.

## XVI. ELEVENTH CAUSE OF ACTION

Violation of Article 1, § 13 of the California Constitution

69. Plaintiff incorporates by reference and reallege paragraphs 1-68 of this Complaint.

23

70. Defendants' above-described conduct violated Plaintiffs' rights to be free from unreasonable searches and seizures under Article 1, § 13 of the California Constitution.

## XVII. TWELFTH CAUSE OF ACTION

Violation of Civil Code § 52.1(b)

71. Plaintiff incorporates by reference and reallege paragraphs 1-70 of this Complaint.

72. Defendants' above-described conduct interfered and/or attempted to interfere with Plaintiffs' exercise and/or enjoyment of his rights as secured by the United States Constitution and/or California Constitution, in violation of California Civil Code § 52.1.

## XVIII. THIRTEENTH CAUSE OF ACTION

Intentional Infliction of Emotional Distress

73. Plaintiff incorporates by reference and reallege paragraphs 1-72 of this Complaint.

74. Defendants' above-described conduct was extreme and outrageous. Said conduct was done intentionally and with conscious disregard of Plaintiffs' rights, and directly and proximately caused Plaintiffs' humiliation, mental pain and suffering.

## XIX. FOURTEENTH CAUSE OF ACTION

Negligent Infliction of Emotional Distress

75. Plaintiff incorporates by reference and reallege paragraphs 1-74 of this Complaint.

76. Defendants' above-described conduct constituted a breach of defendants' duty of care to Plaintiff to ensure that defendants did not cause unnecessary or unjustified harm to Plaintiff. It was reasonably foreseeable to all defendants that a breach of that duty by defendants would cause emotional distress to Plaintiff.

## XX. FIFTEENTH CAUSE OF ACTION Declaratory Relief

77. Plaintiff incorporates by reference and reallege paragraphs 1-76 of this Complaint.

78. There is a real and actual controversy between Plaintiff and defendants regarding whether defendants may undertake to act as described herein. Plaintiff contends that defendants violated the United States and California Constitutions and the laws of the United States and of California. On information and belief, defendants deny that their conduct violated the United States and California Constitutions and the laws of the United States and of California. Plaintiff fear that he will again be subjected to such unlawful and

unconstitutional actions, and seeks a judicial declaration that defendants' conduct deprived Plaintiff of his rights under the United States and California Constitutions and the laws of the United States and California.

## XXI. PRAYER

WHEREFORE, Plaintiff prays that the Court, as to all the defendants and each of them jointly and severally:

1.   Issue a declaratory judgment that defendants' conduct as complained herein was a violation of Plaintiffs' rights under the United States and California Constitutions and the laws of the United States and California;

2.   Issue an injunction (a) prohibiting defendants from engaging in vehicular stops or searches based on race or ethnicity; (b) ordering defendants to establish effective preventative mechanisms to ensure that discriminatory traffic stops and vehicular searches do not continue in the future, including, but not limited to the following:

(i)  to cease and desist from all pretextual stops;

(ii) to cease and desist from all searches without probable cause of criminal activity;

(iii) to collect and maintain comprehensive records of all traffic stops in the city of Sacramento in the State of California, including those stops that do not result in the issuance of a citation; and

(iv) to establish a procedure to enable each person involved in a traffic stop the right to file a grievance to contest illegal acts and acts motivated by bias;

(v) to establish clear and consistent discipline in the event a grievance is sustained;

(vi) to establish a Civilian Complaint Review Board;

(vii) to appoint an independent auditor who will review the records of officers quarterly to determine that there is compliance with these reforms;

(viii) to establish an early warning system which will collect information such as citizen complaints against an officer and other information regarding misconduct and will alert the officer's supervisor when a set number of incidents are recorded;

(ix) to establish a mechanism for internal discipline of officers who are found to have engaged in racial profiling and pretextual stops; and

(x) to require that all officers participate in regular

and recurring training to assure that the officers do not act due to bias based on race or ethnicity.

3.    Award any nominal damages entitled to Plaintiff regarding defendant(s) violation of civil rights.

4.    Award compensatory and general damages against defendant(s) and each of them, for plaintiff in an amount to be determined according to proof;

5.    Award exemplary and punitive damages against all defendant(s) sued in their individual capacities;

6.    Award statutory damages and penalties pursuant to California Civil Codes § 52(b);

7.    Grant such other and further relief as the Court may deem just and proper.

## XXII.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:  May 27, 2022.

Signature of Plaintiff

*Rogers, Kim Edward, Pro Se*

Printed Name: Rogers, Kim Edward

Internal Affairs Division
5760 Freeport Blvd.
Sacramento, CA 95822
IAConcerns@pd.cityofsacramento.org

# Sacramento Police Department
## Personnel Complaint Form

**Complainant:** *You have the right to remain anonymous. Consider providing some information for an investigator to contact you for follow-up questions.*

| NAME | DOB | AGE | GENDER | RACE |
|---|---|---|---|---|
| Rogers, Kim Edward | 13 Aug 1964 | | M | |

| HOME ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|
| 2072 50th Avenue | Sacramento | CA | 95822 |

| BUSINESS ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|
| N/A | | | |

| TELEPHONE NUMBER #1 | EMAIL ADDRESS | DATE COMPLAINT RECEIVED |
|---|---|---|
| N/A | N/A | 13 JAN 2022 |

**Involved Employee:** *Provide as much information as possible.*

| NAME | RANK | BADGE | GENDER | RACE |
|---|---|---|---|---|
| K. SIMMONS JOHN DOE #1 | | 693 | | |

| UNIFORM TYPE | VEHICLE DESCRIPTION | VEHICLE NUMBER |
|---|---|---|
| SAC. POLICE | SUV | |

**Incident Details:**

| INCIDENT DATE | INCIDENT TIME | LOCATION (ADDRESS OR INTERSECTION) |
|---|---|---|
| 6 JAN 2022 | 11:45 AM - ? | 52ND Ave, KING BLVD FLORIN & FRANKLIN - MARTIN LUTHER |

SUMMARY OF INCIDENT: Provide witnesses, locations, address, businesses, available photos and video, etc.

1. CONTACT WAS INITIATED AT FLORIN & FRANKLIN (NB)
2. POLICE SUV VEHICLE DANGEROUSLY TAILGATED AT UNSAFE DISTANT BEHIND PLAINTIFF. INTIMADATION (1)
3. BETWEEN FLORIN ROAD AND 52ND Avenue PLAINTIFF CHANGED LANES IN ATTEMPT TO OBSERVE POLICE UNIT. POLICE UNIT CHANGED LANES BEHIND ME; INTIMIDATION (2)
4. AT MLK BLVD. & FRANKLIN PLAINTIFF EXITED VEHICLE AND ASKED WHY POLICE UNIT WAS FOLLOWING Rogers, Kim Edward. (See Back of Page)

[X] I have attached ~~1~~ more pages to this form.

**Your Rights:**

*You have the right to make a complaint against an employee for improper conduct. California law requires this agency to have a procedure to investigate personnel complaint, provide written description of this procedure, and retain complaints for at least five years.*

*I have read and understand these rights.* Signature: Rogers, Kim Edward

January 13, 2020

| DEPARTMENT USE ONLY | | |
|---|---|---|
| ACCEPTING EMPLOYEE NAME AND BADGE NUMBER | ACCEPTING SUPERVISOR NAME AND BADGE NUMBER | DATE AND TIME |
| | | |

SPD 330 (Rev. 05/13/2019)    [Clear Form]    [Print Form]    Page ____ of ____

TICKET ISSUED WITH MANY MISTAKES:

1. NAME IS INCORRECT ON FACE

2. NO RADAR

3. CODE 3 SIREN USED TWICE

4. TIME IS INCORRECT, I HAVE RECEIPT FROM GOODWILL STORE LOCATED AT 4040 FLORIN ROAD. EXIT TIME STAMP LISTS 11:42:24 AM.

ALLEGED VIOLATIONS BY PLAINTIFF

1. Violation of the Commerce Clause, Article IV and Fourteenth Amendment to the United States Constitution (42 U.S.C. 1983) interfering with Plaintiff's fundamental right to interstate travel and migration on account of his race and/or ethnicity and/or national religion.

2. Defendants acts were done in known violation of Plaintiff's legal and constitutional rights, without good faith, and have directly and proximately caused Rogers, Kim Edward, humiliation, mental pain and suffering.

3. Remedy sought: Cease and desist from all pretextual stops, and from engaging in vehicular stops or searches based on race or ethnicity.