UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM EDWARD ROGERS, | No. 2:22-cv-00914 TLN AC PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| KATHERINE LESTER, et al., | |
| Defendants. | |

Plaintiff is proceeding in pro se in this civil rights action alleging race-based stops, detentions, and searches by Sacramento police. Pending before the undersigned is plaintiff's motion for an injunction preventing the destruction of evidence. ECF No. 9. For the reasons explained below, the undersigned recommends that the motion be DENIED.

**I.    OVERVIEW**

Plaintiff's motion states:

> Plaintiff, Kim Edward Rogers, request[s] the Court to issue an injunction to all Defendants and their agent(s) concerning the destruction of any relevant documents related to this case. Plaintiff is against any destruction of documents by Defendants of any prior pleadings that support Plaintiff's claims in this action[.]

ECF No. 9 at 2. There are no supporting factual representations or legal arguments.

Attached to the motion is an apparent photocopy of a Notice to Destroy Exhibits, mailed to plaintiff from the Sacramento County Superior Court on June 13, 2022, and containing a case

1

number. ECF No. 9 at 3. The notice states in relevant part as follows:

> Pursuant to Penal Code 1417.5, the clerk of the court, after providing notice, shall dispose of all exhibits introduced and still in possession of the clerk after providing notice.
>
> Our records indicate that the above referenced traffic case was scheduled for trial sometime between 2008 and 2019. During this appearance, you may have submitted exhibits to the court. This notice is to inform you that the court intends to destroy all exhibits introduced at trial between 2008 and 2019.
>
> If you submitted exhibits and would like to request that they be returned to you, you may submit an application to the court for release of the exhibits within 30 days of receipt of this notice by visiting https://saccourt.ca.gov/traffic/exhibits.aspx . Please submit a completed "Application and Order to Withdraw Exhibits" via email to CMJExhibits@cascourt.ca.gov .
>
> If you did not submit exhibits or do not wish to request to have them returned to you, no action or response is required.

Id.

## II.   DISCUSSION

The "injunction" that plaintiff seeks is best understood as a temporary restraining order. A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller hearing. The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction. See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n. 7 (9th Cir. 2001) (stating that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical"). The moving party must demonstrate that (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) that the relief sought is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

A district court has no authority to grant relief in the form of a temporary restraining order or preliminary injunction where it has no jurisdiction over the parties. See Ruhrgas AG v.

Marathon Oil Co., 526 U.S. 574, 584 (1999) ("Personal jurisdiction, too, is an essential element of the jurisdiction of a district . . . court, without which the court is powerless to proceed to an adjudication.") (citation and internal quotation omitted); Paccar Int'l, Inc. v. Commercial Bank of Kuwait, S.A.K., 757 F.2d 1058 (9th Cir. 1985) (vacating district court's order granting preliminary injunction for lack of personal jurisdiction).

Although plaintiff states that he seeks an order directed to "defendants," the attachment suggests he is concerned about the potential destruction of evidence by the superior court. The superior court is not a part to this lawsuit, and this court therefore lacks jurisdiction to grant the requested relief. Although a court can in some circumstances enjoin a non-party (see Fed. Trade Comm'n v. Americans for Fin. Reform, 720 F. App'x 380, 383 (9th Cir. 2017)), the court still must have jurisdiction over the entity being enjoined. Eleventh Amendment sovereign immunity bars a claim made directly against a state court. See Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003). Eleventh Amendment Immunity is jurisdictional; plaintiff's motion therefore must be denied to the extent he seeks an order directed to the superior court.

Further, there is no likelihood that an injunction would prevent irreparable injury to plaintiff, nor do the equities tip in favor of an injunction, nor is the relief sought in the public interest. The State Court gave plaintiff notice of a routine document destruction, and it provided a mechanism for retrieving any documents that plaintiff wanted to retrieve. Plaintiff had access to the documents whether he chose to retrieve them or not. It is not in the public interest for the federal court to interfere with the State Court's process, and the court should decline to do so.

To the extent plaintiff asks the court to enjoin the named defendants from destroying documents, he fails to identify a factual basis for his motion. The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature; speculative injury is not enough. Caribbean Marine Serv. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988). Plaintiff has not identified any particular evidence that is in the custody or control of the defendants, is so important to the case that its loss would cause irreparable harm, and is in imminent danger of destruction absent an injunction. Accordingly, the motion fails.

In any event, injunctive relief is not necessary to preserve relevant evidence in the possession of the defendants. As defendants and their counsel are surely aware, "[a]s soon as a potential claim is identified, a litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action." In re Napster, Inc. Copyright Litig., 462 F. Supp. 2d 1060, 1067 (N.D. Cal. 2006). Once the duty to preserve attaches, any destruction of documents is negligent at a minimum, and exposes a party to sanctions. Id. at 1070. Accordingly, plaintiff does not need an order from the court enjoining defendants from destroying relevant documents: defendants are already under an obligation not to destroy relevant documents.

### III.     CONCLUSION

The undersigned recommends plaintiff's motion for an injunction (ECF No. 9) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: November 28, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE