UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM EDWARD ROGERS,<br><br>Plaintiff,<br><br>v.<br><br>KATHERINE LESTER, et al.,<br><br>Defendants. | No. 2:22-cv-00914 TLN AC PS<br><br><br>ORDER TO SHOW CAUSE |

This matter is before the undersigned following plaintiff's failure to appear in court for the scheduling conference held on January 11, 2023 at 10:00 a.m. ECF No. 36. The court is concerned that plaintiff is unwilling or unable to prosecute this case under the applicable rules, and issues this Order to Show Cause to give plaintiff an opportunity to confirm that he does intend to prosecute this case, and that he will follow the orders of this court as well as the Local Rules and Federal Rules of Civil Procedure. If plaintiff fails to make such a statement, the court will recommend this case be dismissed for failure to prosecute and failure to follow court orders.

**I.      Background**

Plaintiff filed this case in pro se, and the action was accordingly referred to the undersigned for pretrial proceedings by E.D. Cal. R. ("Local Rule") 302(c)(21). Plaintiff requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis ("IFP"), which the undersigned granted, along with an order that the complaint be served. ECF Nos. 2, 4.

On June 6, 2022, plaintiff filed a motion for injunctive relief regarding state court routine destruction of records. ECF No. 9. The undersigned recommended that this motion be denied. ECF No. 24. On December 1, 2022, plaintiff appealed the findings and recommendations directly to the Ninth Circuit, ECF No. 30, although the assigned district judge had not—and still has not—ruled on the findings and recommendations.

Meanwhile the defendants appeared and filed an answer on October 10, 2022. ECF No. 11. Plaintiff filed a request for entry of default on November 28, 2022, asserting that defendants had not timely filed their answer. ECF No. 26. The Clerk of Court declined to enter default, noting that an answer had been filed. ECF No. 29.

On September 9, 2022, plaintiff filed an unauthorized amended complaint (ECF No. 10), which the court struck as improperly filed. ECF No. 14. The court confirmed that the initial complaint was the operative complaint. Id. Plaintiff thereafter filed a document captioned "Judicial Notice," which was docketed as a motion for judicial notice. ECF No. 19. The document does not seek judicial notice of any facts pursuant to Fed. R. Evid. 201; it is a legal memorandum addressing the merits of plaintiff's claims.[1] Four days later, plaintiff filed a "Claim for Obstruction of Justice." ECF No. 21. This was a legal memorandum purporting to assert a claim against defendants under the United States criminal code. Id.[2] Because it was not in the form of a motion, no action was taken; the document is without any legal effect.

The court initially set a scheduling conference for December 7, 2022. ECF Nos. 12, 22. Although submission of a scheduling statement is required by the Local Rules of this court, no scheduling statement was filed. Accordingly, the court issued an order re-setting the conference for December 28, 2022, with specific instructions requiring the parties to submit a joint scheduling statement by December 14, 2022. ECF No. 23. No statement was filed.

On December 19, 2022, the court again reset the scheduling conference. ECF No. 33. In this order the court made clear that scheduling reports are required for a scheduling conference to

---

[1] Because this "motion" does not seek judicial notice under the Federal Rules of Evidence or any relief available under the Federal Rules of Civil Procedure, it will be denied below.
[2] Criminal statutes provide no basis for civil liability. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

be held, and that reports were due by December 28, 2022. ECF No. 33 at 2. The court clarified for the plaintiff's benefit that his appeal of the findings and recommendations regarding injunctive relief (see ECF Nos. 24, 30) did not operate to stop the progression of this case.[3] Plaintiff was expressly "CAUTIONED that failure to comply with this order and timely file a scheduling statement will result in a recommendation that this case be dismissed for failure to prosecute pursuant to Local Civil Rule 110." ECF No. 33 at 2.

On December 22, 2022, plaintiff filed a document labeled "Judicial Notice." ECF No. 34. The information required in a scheduling statement was not provided. Instead, plaintiff pointed out that defendants had failed to bring a motion to dismiss and that he had requested entry of default. ECF No. 34 at 2-3. He went on to state that defendants have not followed the Federal Rules of Civil Procedure and "therefore submits to the Court that submission of any pre-trial scheduling order at this time will cause prejudice against Plaintiff." Id. at 3-4.

Defendants timely filed a status report, which noted that defense counsel had been "unable to collaborate with Plaintiff KIM ROGERS on a Joint Scheduling Conference Statement." ECF No. 35 at 1. Plaintiff did not appear for the scheduling conference. ECF No. 36. Counsel for the defendants appeared, and reported to the court that he has had no contact with the plaintiff and lacks contact information for him.[4]

## II. Failure to Prosecute and to Comply with Court Orders

Local Rule 110 provides that failure to comply with court orders or the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 183(a) states that an "individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on 'counsel' by these Rules apply to individuals appearing in propria persona." Id. The rule cautions that failure to comply with court

---

[3] An appeal from an interlocutory order does not automatically stay the proceedings, as "it is firmly established that an appeal from an interlocutory order does not divest the trial court of jurisdiction to continue with other phases of the case." Plotkin v. Pacific Tel. and Tel. Co., 688 F.2d 1291, 1293 (9th Cir. 1982); see also 28 U.S.C. § 1292(b).

[4] The docket reflects a post office box as plaintiff's address, and no email address or telephone number has been provided to the court or to opposing counsel.

orders, the federal rules of civil procedure, and local rules "may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules." Id. Local Rule 183(b) requires persons appearing in pro se to "keep the court and opposing parties advised as to his or her current address."

Plaintiff is not unfamiliar with the federal litigation process, the expectations of this court, or the consequences of failing to proceed as the rules require. Mr. Rogers has five other cases currently pending in this court,[5] one of which is now before the district judge on a magistrate judge's recommendation of dismissal for failure to prosecute. Rogers v. Newsome, No. 2:21-cv-02180 DAD DB at ECF No. 5. Plaintiff has filed at least six other cases in this court in recent years that are now closed.[6] Half of the closed cases were dismissed for failure to prosecute and/or failure to comply with court orders: Rogers v. Richland, No. 2:17-cv-00149 JAM EFB at ECF Nos. 73, 74 (dismissed for failure to prosecute and failure to follow court orders); Rogers v. Brown, No. 2:17-cv-01643 KJM DB at ECF Nos. 5, 6 (dismissed for failure to prosecute); Rogers v. Brown, No. 2:17-cv-02070 TLN CKD at ECF Nos. 4, 5 (dismissed for failure to prosecute).

In the present case, as detailed above, plaintiff refused to submit a scheduling statement despite orders expressly requiring him to do so. ECF Nos. 12, 22, 23, 33. The court's final order on this subject specifically cautioned plaintiff that failure to timely file a scheduling statement would result in a recommendation that the case be dismissed for failure to prosecute. ECF No. 33 at 2. Though plaintiff filed a non-responsive document labeled "Judicial Notice," he did not follow the clear instructions of the court order, which required submission of a proposed schedule. ECF No. 34. Plaintiff is not entitled to disregard court orders or the requirements of the rules because he thinks they should not apply to him.

Despite plaintiff's failure to submit a statement, the undersigned attempted to hold a scheduling conference in person in order to discuss these matters. Plaintiff failed to appear after

---

[5] Rogers v. Newsome, 2:21-cv-02180 DAD DB; Rogers v. Bonta, 2:22-cv-00314 TLN KJN; Rogers v. Nottoli, 2:22-cv-01085 KJM AC; Rogers v. Bonta, 2:22-cv-01157 TLN JDP; Rogers v. Jones, 2:22-cv-01955 DAD DB.

[6] Rogers v. USA, 2:15-cv-00296 MCE EFB; Rogers v. Richland, 2:17-cv-00149 JAM EFB; Rogers v. Williams, 2:17-cv-01490 JAM DB; Rogers v. Brown, 2:17-cv-01643 KJM DB; Rogers v. Brown, 2:17-cv-02070 TLN CKD; Rogers v. Simmons, 2:22-cv-00349 KJM KJN.

being ordered to do so.  ECF No. 36.

Plaintiff has taken some actions which indicate that he wishes to pursue this case, but he has done so with disregard for the applicable rules and court orders.  His recent refusal to participate in the case scheduling process is incompatible with his obligations under Local Rules 110 and 183.  Before recommending dismissal of this case for the reasons stated, the undersigned will give plaintiff one final chance to get his case back on track.

### III.　Conclusion

For the reasons explained above, it is HEREBY ORDERED as follows:

1. The motion at ECF No. 19 is DENIED;
2. Plaintiff is ordered to SHOW CAUSE in writing within 14 days of this order why this case should not be dismissed for failure to prosecute.  A signed statement from plaintiff stating that he intends to prosecute this case, that he will follow court orders, and that he will adhere to court rules, will discharge this order.  If plaintiff timely submits such a statement, a scheduling order will issue and the case will go forward.  If plaintiff files a non-responsive document or fails to respond, the court will recommend dismissal of this case for failure to prosecute.

IT IS SO ORDERED.

DATED: January 13, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE