UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM EDWARD ROGERS, | No. 2:22-cv-00914 TLN AC PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| KATHERINE LESTER, et al., | |
| Defendants. | |

This matter is before the undersigned following plaintiff's failure to appear in court for the scheduling conference held on January 11, 2023 (ECF No. 36), the subsequent issuance of an order to show cause why this case should not be dismissed for failure to prosecute (ECF No. 37), and plaintiff's response to that order (ECF No. 38). Based on plaintiff's conduct in this case and the contents of his response to the order to show cause, it is clear to the undersigned that plaintiff cannot or will not follow court orders and prosecute this case according to the rules. Accordingly, the undersigned recommends this case be dismissed for failure to prosecute and failure to follow court orders.

**I.   Background**

Plaintiff filed this case in pro se, and the action was accordingly referred to the undersigned for pretrial proceedings by E.D. Cal. R. ("Local Rule") 302(c)(21). Plaintiff requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis ("IFP"), which the

1

1  undersigned granted, along with an order that the complaint be served.  ECF Nos. 2, 4.

2  On June 6, 2022, plaintiff filed a motion for injunctive relief regarding state court routine destruction of records.  ECF No. 9.  The undersigned recommended that this motion be denied.  ECF No. 24.  On December 1, 2022, plaintiff appealed the findings and recommendations directly to the Ninth Circuit, ECF No. 30, although the assigned district judge had not—and still has not—ruled on the findings and recommendations.

Meanwhile the defendants appeared and filed an answer on October 10, 2022.  ECF No. 11.  Plaintiff filed a request for entry of default on November 28, 2022, asserting that defendants had not timely filed their answer.  ECF No. 26.  The Clerk of Court declined to enter default, noting that an answer had been filed.  ECF No. 29.

On September 9, 2022, plaintiff filed an unauthorized amended complaint (ECF No. 10), which the court struck as improperly filed.  ECF No. 14.  The court confirmed that the initial complaint was the operative complaint.  Id.  Plaintiff thereafter filed a document captioned "Judicial Notice," which was docketed as a motion for judicial notice.  ECF No. 19.  The document did not seek judicial notice of any facts pursuant to Fed. R. Evid. 201; it was a legal memorandum addressing the merits of plaintiff's claims.  Four days later, plaintiff filed a "Claim for Obstruction of Justice."  ECF No. 21.  This was a legal memorandum purporting to assert a claim against defendants under the United States criminal code.  Id.[1]  Because it was not in the form of a motion, no action was taken; the document is without any legal effect.

The court initially set a scheduling conference for December 7, 2022.  ECF Nos. 12, 22.  Although submission of a scheduling statement is required by the Local Rules of this court, no scheduling statement was filed.  Accordingly, the court issued an order re-setting the conference for December 28, 2022, with specific instructions requiring the parties to submit a joint scheduling statement by December 14, 2022.  ECF No. 23.  No statement was filed.

On December 19, 2022, the court again reset the scheduling conference.  ECF No. 33.  In this order the court made clear that scheduling reports are required for a scheduling conference to

---

[1] Criminal statutes provide no basis for civil liability.  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

2

be held, and that reports were due by December 28, 2022. ECF No. 33 at 2. The court clarified for the plaintiff's benefit that his appeal of the findings and recommendations regarding injunctive relief (see ECF Nos. 24, 30) did not operate to stop the progression of this case.[2] Plaintiff was expressly "CAUTIONED that failure to comply with this order and timely file a scheduling statement will result in a recommendation that this case be dismissed for failure to prosecute pursuant to Local Civil Rule 110." ECF No. 33 at 2.

On December 22, 2022, plaintiff filed a document labeled "Judicial Notice." ECF No. 34. The information required in a scheduling statement was not provided. Instead, plaintiff pointed out that defendants had failed to bring a motion to dismiss and that he had requested entry of default. ECF No. 34 at 2-3. He went on to state that defendants have not followed the Federal Rules of Civil Procedure and "therefore submits to the Court that submission of any pre-trial scheduling order at this time will cause prejudice against Plaintiff." Id. at 3-4.

Defendants timely filed a status report, which noted that defense counsel had been "unable to collaborate with Plaintiff KIM ROGERS on a Joint Scheduling Conference Statement." ECF No. 35 at 1.

The scheduling conference went forward as scheduled on January 11, 2023. ECF No. 36. Plaintiff failed to appear. Id. Counsel for the defendants reported to the court that he has had no contact with the plaintiff and lacks contact information for him.[3]

## II. Order to Show Cause and Plaintiff's Response

On January 13, 2023, the court issued an order to show cause why this case should not be dismissed for failure to prosecute. ECF No. 37. The court outlined in detail plaintiff's various failures to comply with court rules and orders. Id. The court ordered plaintiff to file a response indicating that he is willing and able to comply with court orders and adhere to court rules, or the

////

---

[2] An appeal from an interlocutory order does not automatically stay the proceedings, as "it is firmly established that an appeal from an interlocutory order does not divest the trial court of jurisdiction to continue with other phases of the case." Plotkin v. Pacific Tel. and Tel. Co., 688 F.2d 1291, 1293 (9th Cir. 1982); see also 28 U.S.C. § 1292(b).

[3] The docket reflects a post office box as plaintiff's address, and no email address or telephone number has been provided to the court or to opposing counsel.

undersigned would recommend dismissal for failure to prosecute. Id. at 5. The order emphasized that this case cannot proceed without a scheduling order. Id. at 4.

Plaintiff filed a response, in which he does state that he "intends to prosecute action until there is a remedy for the violations alleged in the complaint" and that "he has and will continue to follow all Federal Rules of Civil Procedure and local rules of procedure as pertains to this action." ECF No. 38 at 6. However, he also states that there "should be no further proceedings in the Eastern District Court of California until the Ninth District Appeals Court has issued a decision of the appeal." Id. Plaintiff also clearly states that he will not submit to or follow a scheduling order in this case because "submission of the pre-trial scheduling order in this action violates plaintiff's due process." Id.

### III. Standards

Local Rule 110 provides that failure to comply with court orders or the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 183(a) states that an "individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on 'counsel' by these Rules apply to individuals appearing in propria persona." Id. The rule cautions that failure to comply with court orders, the federal rules of civil procedure, and local rules "may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules." Id. Local Rule 183(b) requires persons appearing in pro se to "keep the court and opposing parties advised as to his or her current address."

### IV. Discussion

Plaintiff's statements affirming his commitment to prosecute this case are entirely undermined by his continued insistence that the court cannot issue a case schedule and cannot move this case forward. The court has made it abundantly clear to plaintiff that his interlocutory appeal does not suspend action on this case. The court has made it abundantly clear to plaintiff that a scheduling order must be issued for this case to move forward. Indeed, plaintiff is aware of the requirement that he submit to a case schedule, as he has had a previous case dismissed for

failure to prosecute after refusing to participate in the case scheduling process. See Rogers v. Richard, 2:17-cv-00149 JAM EFB at ECF Nos. 71-75.

Indeed, plaintiff's experience with the federal litigation process demonstrates that he is well familiar with the expectations of this court and the consequences of failing to proceed as the rules require. Mr. Rogers has five other cases currently pending in this court,[4] one of which is now before the district judge on a magistrate judge's recommendation of dismissal for failure to prosecute. Rogers v. Newsome, No. 2:21-cv-02180 DAD DB at ECF No. 5. Plaintiff has filed at least six other cases in this court in recent years that are now closed.[5] Half of the closed cases were dismissed for failure to prosecute and/or failure to comply with court orders: Rogers v. Richard, supra, at ECF Nos. 73, 74 (dismissed for failure to prosecute and failure to follow court orders); Rogers v. Brown, No. 2:17-cv-01643 KJM DB at ECF Nos. 5, 6 (dismissed for failure to prosecute); Rogers v. Brown, No. 2:17-cv-02070 TLN CKD at ECF Nos. 4, 5 (dismissed for failure to prosecute).

In the present case, as detailed above, plaintiff refused to submit a scheduling statement despite repeated orders expressly requiring him to do so. ECF Nos. 12, 22, 23, 33. The court's final order on this subject specifically cautioned plaintiff that failure to timely file a scheduling statement would result in a recommendation that the case be dismissed for failure to prosecute. ECF No. 33 at 2. Though plaintiff filed a non-responsive document labeled "Judicial Notice," he did not follow the clear instructions of the court order, which required submission of a proposed schedule. ECF No. 34. Plaintiff is not entitled to disregard court orders or the requirements of the rules because he thinks they should not apply to him. Despite plaintiff's failure to submit a statement, the undersigned attempted to hold a scheduling conference in person to discuss these matters. Plaintiff failed to appear after being ordered to do so. ECF No. 36.

////

---

[4] Rogers v. Newsome, 2:21-cv-02180 DAD DB; Rogers v. Bonta, 2:22-cv-00314 TLN KJN; Rogers v. Nottoli, 2:22-cv-01085 KJM AC; Rogers v. Bonta, 2:22-cv-01157 TLN JDP; Rogers v. Jones, 2:22-cv-01955 DAD DB.

[5] Rogers v. USA, 2:15-cv-00296 MCE EFB; Rogers v. Richard, 2:17-cv-00149 JAM EFB; Rogers v. Williams, 2:17-cv-01490 JAM DB; Rogers v. Brown, 2:17-cv-01643 KJM DB; Rogers v. Brown, 2:17-cv-02070 TLN CKD; Rogers v. Simmons, 2:22-cv-00349 KJM KJN.

Plaintiff's recent statement that he will abide by court rules is insufficient when in the same document he re-states his position that no case schedule can be entered, and that this case is stayed by his interlocutory appeals. It is clear to the undersigned, based on plaintiff's filings in this case, that the case cannot proceed and must be dismissed for failure to prosecute and failure to comply with court orders.

## V.     Conclusion

It is hereby RECOMMENDED that this case be dismissed for failure to prosecute in light of plaintiff's refusal to comply with court orders and submit to entrance of a case schedule.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: January 23, 2023

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE